IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW JERSEY

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

Richard Carter
236 Clark Street
Hillside, New Jersey 07205
(862) – 307 – 6587

2017 SEP 15 A 9: 58

| | |
|---|---|
| RICHARD CARTER )<br>                Plaintiff )<br>                )<br>Vs. )<br>                )<br>                )<br>MIDLAND FUNDING, LLC )<br>               Defendants )<br><br>BARCLAYS BANK DELAWARE,<br><br>(RCI ELITE REWARDS) )<br>               Defendants )<br>                )<br>PRESSLER AND PRESSLER LLP; )<br>and DOES 1-10, inclusive, )<br>              Defendant ) | Civil Action No.:_____<br><br>**COMPLAINT**<br><br>(Fair Debt Collections Practice Act)<br><br>(Not Subject to Mandatory Arbitration)<br><br>Jury Trial Requested |

**COMPLAINT**

Plaintiff, Richard Carter, says by way of Complaint against Defendants, Midland Funding, LLC, Pressler and Pressler, LLP, and Barclays Bank Delaware (RCI Elite Rewards) as follows:

**COMPLAINT IN CIVIL ACTION**

**I. INTRODUCTION:**

      1. Plaintiff brings this civil action on behalf of himself as described below:

      2. Defendants have uniformly engaged in a scheme of illegal and deceptive business practices that violate both federal and state law in attempting to collect credit card debt from Plaintiff, Richard Carter by using false information, documentation, and without

proper documentation sufficient to establish and substantiate the cause(s) of action attempted to be the basis for the respective collection actions and the categories of charges attempted to be imposed upon the Plaintiff.

    3. This scheme is carried out by Defendants by means of centrally controlled sets of policies and practices, and the like, and is conspiratorially implemented by and among other entities and persons (co-conspirators) with form documents, form notices, and form complaints, against alleged debtors, yet with knowingly false documentation and without information necessary to justify the cause(s) of action being asserted.

    4. The scheme is carried out knowingly using false and inapplicable documentation systematically provided by Defendants attempting to foist upon the victims the imprimatur of substantiating documentary evidence.

    5. Defendants routinely and conspiratorially participate and engage in the initiation and perpetuation of attempts to collect debt from and against persons the documentation for which is knowingly false, non-existent, or otherwise not available to substantiate the cause(s) of action asserted in attempting to collect alleged debt obligations, and the categories sought to be collected under Court Docket No.: **L - 002827-16**

    6. Defendant, Pressler and Pressler. LLP ("Law Firm")(hereinafter referred as "LAW FIRM "), to justify the collection action referred to them by Midland Funding, LLC and/ or Barclays Bank Delaware (RCI Elite Rewards), by filing law suits, continuing and perpetuating the law suits without proper documentation, knowingly attaching incorrect, false, or otherwise irrelevant documentation as exhibits to their complaints and/or as evidence for trial with the belief that I the consumer/ debtors will not further question or investigate the efficacy of the complaint,exhibits, and other evidentiary documentation, and submit to payment of whatever allocated debt.

    7. In the case of the individual Plaintiff, LAW FIRM, for and on behalf of defendant, Midland Funding, LLC, **CURRENT ASSIGNEE** and **successor in interest to** Barclays Bank Delaware **(hereinafter referred to as " Barclays Bank Delaware (RCI Elite Rewards)") filed a Complaint without an attached affidavit signed by** an agent for **Barclays Bank Delaware (RCI Elite Rewards)** to Midland Funding, LLC " See Exhibit "A", a true and correct copy of the Complaint filed without an attached affidavit signed by** an agent for **Barclays Bank Delaware (RCI Elite Rewards) file in the underlying action.**

    8. The Complaint in the underlying action references "only to Richard Carter ,directly indirectly, as follows:

    a. Paragraph 1 references "terms", pertaining to a credit card debt, provided to Defendant, Richard Carter with the last four numbers of the account 4391, but there is no attached **affidavit or power of attorney signed by** an agent/ employee for **Barclays Bank**

**Delaware (RCI Elite Rewards)**, nor is their any evidence showing that an official account was opened in the name of the **Defendant, Richard Carter** file in the underlying action.

b. Paragraph 2 references "the last three digits of the social security number of the person who incurred the debt are (897).

c. There is no *ad damnum* clause, agreement or contract between the **Plaintiff, Richard Carter** and **Barclays Bank Delaware** attached to this court complaint, nor is their any attached **affidavit or power of attorney signed by** an agent for **Barclays Bank Delaware (RCI Elite Rewards)** to **Midland Funding, LLC**, for which **Midland Funding, LLC**, has the authorization to legal represent, **Barclays Bank Delaware** in this underlying matter / complaint filed under Court Docket No.: L – **002827-16**. There is also no attached **affidavit or power of attorney signed by** an agent from **Midland Funding, LLC**, for which **Pressler and Pressler LLP**, has the authorization to legal represent **Midland Funding, LLC** in this underlying matter / complaint filed under Court Docket No.: L – **002827-16**.

9. It is clearly impossible for an original contract / credit card consumer agreement, for which is not attached to the initial complaint filed on August 29, 2016 to show that a credit card account was in fact provided to the Defendant, Richard Carter on the date/dates in question, of Barclays Bank Delaware (RCI Elite Rewards) issuance to act as the governing agreement between the parties, except as an amendment or modification of the original contract / credit card consumer agreement. Which, in this case/ matter was not presently filed by either Defendants, Midland Funding, LLC or Pressler and Pressler, LLP.

10. Yet, as this complaint will substantiate, Midland Funding, LLC CURRENT ASSIGNEE, (BARCLAYS BANK DELAWARE) (RCI ELITE REWARDS), ORIGINAL CREDITOR has committed to writing and has disseminated to its national collection attorney base its instruction and authorization to all of its collection attorneys throughout the United States of America to used, the false court complaints in an effort to official subject debtor to collection actions.

11. The date stated by Pressler and Pressler, LLP in their court complaint is January 29, 2016 as to when the Plaintiff, Midland Funding, LLC was official assigned the debt regarding this credit card account are in question and is clearly not the applicable operative agreement between the Plaintiff, Richard Carter and Barclays Bank Delaware.

12. Plaintiff, by way of personal investigation, is aware that BARCLAYS BANK DELAWARE, Midland Funding, LLC and its national attorney base requires the use of the inapplicable court complaints by deliberate design and pursuant to a directive, more fully discussed below.

13. Plaintiff alleges that this practice constitutes violation of the Fair Debt Collection Practices Act, 15U.S.C. § 1692a,et seq ("FDCPA").

14. Plaintiff alleges that this practice constitutes violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, et seq.

15. Plaintiff alleges that this practice constitutes violation of New Jersey's Unfair Trade and Consumer Protection Laws **N.J. Stat. § 56:8-10** and **N.J. Stat. § 56:8-2** seq.

16. Plaintiff seeks in junctive relief to prevent the continuation and recurrence of the challenged conduct, and to assure uniform standards by which Defendants will not seek collection from consumers knowingly and intentionally using false documentation.

17. Plaintiff seeks in junctive relief to prevent the continuation and recurrence of the challenged conduct, and to assure uniform standards by which Defendants will not attempt to bypass spoliation so that Defendants will provide proper documentation of an explanation as to why the proper, representative documentation is not available.

18. Plaintiff also seeks restitution for damages, including, but not limited to, costs incurred, collections made, to vacating of judgments improperly achieved under Docket No.: **L - 002827-16**, statutory damages, punitive damages, attorney's fees and costs, and whatever other relief this Court may deem appropriate and Plaintiff also seeks relief in the exact amount that is officially owed due to different discrepancies regarding the amounts claimed by all Defendants.

## II. PARTIES

19. Plaintiff, Richard Carter is an individual residing at 236 Clark Street, Hillside, New Jersey 07205, at the time that the initial court complaint was filed by Pressler and Pressler, LLP. on behalf of Midland Funding, LLC. Plaintiff has been sued by as discussed below.

20. Defendant, BARCLAYS BANK DELAWARE (the **"Bank"**), is a national issuer of credit card services, which its principal offices that it provides credit card accounts in the State of New Jersey, at the address set forth in the caption hereto. BARCLAYS BANK DELAWARE is a Delaware based Bank.

20.-A. Defendant, Midland Funding, LLC **(the "MF LLC")**, is a San Diego, business entity with an address of 2365 Northside Dr #300, San Diego, CA 92108, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

20.-B. Defendant, Pressler and Pressler, LLP **(the "P&P LLP")**, is a New Jersey, business entity with an address of 7 Entin Rd, Parsippany, NJ 07054 operating as a collection agency / debt collection law firm, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

21. Defendant, Pressler and Pressler, LLP (the "P&P LLP"), is an affiliate of the Midland Funding, LLC with its principal office as set forth in the caption hereto. At all times relevant, Pressler and Pressler, LLP is a servicer for Midland Funding, LLC and BARCLAYS BANK DELAWARE as a servicer, the **("P&P LLP")** is in the business of administering defaulted accounts of Midland Funding, LLC and BARCLAYS BANK DELAWARE, one of the operations thereof is believed to be initiating and perpetuating law suits against alleged debtors, the selection of attorneys for the purpose of filing law suits seeking collection of amounts purportedly owed. The attorney, Pressler and Pressler, LLP is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

22. Defendants, Daryl J. Kipnis,("Kipnis"), is an attorney associated with the law firm of Defendant, Pressler and Pressler, LLP (the "P&P LLP"); Daryl J. Kipnis is the signatory as attorney to the Complaint and the person who signed the verification. Daryl J. Kipnis is acting for and on behalf of

the Midland Funding, LLC., who claims that they are acting for and on behalf of BARCLAYS BANK DELAWARE. The address therefor is as set forth in the caption. Daryl J. Kipnis and the Midland Funding, LLC. are each and all "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

23. In fact, this matter is the second attempt for which Pressler and Pressler, LLP and Daryl J. Kipnis have sued the Defendant, Richard Carter in an official attempt to collect upon a debt that is outstanding, by the undersigned on behalf of a client for the same scenario. " See **Exhibit "A"**, a true and correct copies of Midland Funding, LLC, ASSIGNEE of BARCLAYS BANK DELAWARE Special Civil Part Court Complaint addressed to Defendant, Richard Carter, without an attached **affidavit or power of attorney signed by** an agent for **Barclays Bank Delaware (RCI Elite Rewards)** to **Midland Funding, LLC**, for which **Midland Funding, LLC**, has the authorization to legal represent, **Barclays Bank Delaware** in this underlying matter / complaint filed under Court Docket No.: **L – 002827-16**.

24. Defendants, "All Collection Attorneys for Barclays Bank Delaware (RCI Elite Rewards) and Midland Funding, LLC", is intended to reference and include all attorneys throughout the United States of America who represent Barclays Bank Delaware (RCI Elite Rewards) to Midland Funding, LLC in collection actions for alleged credit card debt throughout the United States of America. Their names and addresses are not yet known. Each and all of the National Attorneys are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

### III. JURISDICTION AND VENUE

25. Jurisdiction is conferred upon this Court pursuant to 15 U.S.C. § 1692k(d)("FDCPA").

26. Venue is appropriate in this district as the violations underlying this action were made in this District; all defendants but for the National Attorneys conduct business in this district.

### IV. SUMMARY STATEMENT OF THE CASE

27. This case arises from a scheme formally concocted and perpetuated by Defendants, as described in the following scenario:

When defendants engage in the initiation and perpetuation of credit card debt collection law suits, they attach to the Complaint false documents intended to represent the governing contract/ medical treatment, by and between Barclays Bank Delaware (RCI Elite Rewards) and its card holder(s) when, in fact, the attached contract/ billing statements are purposely and intentionally false documents misrepresented as the actual Consumer Contract Agreement for credit card accounts by the Defendant, Barclays Bank Delaware (RCI Elite Rewards); the attached false court complaints are dated regarding credit card debt of other party or parties after the date of the original credit card account charged off by the original creditor, (Barclays Bank Delaware (RCI Elite Rewards) and, therefore, cannot represent the true Consumer Contractual Agreement, nor can it full justify the right to pursue a judgment regarding another parties debt owed to another party / creditor.

28. As a result of a directive issued by Barclays Bank Delaware (RCI Elite Rewards), all Defendants have been and are, at all times relevant, aware that they have been and are utilizing false documentation as evidentiary documentation on a national basis.

29. In too many cases, the wronged consumers/credit card consumer holders - those whom the United States Congress has referenced as "the least sophisticated consumers/ credit card holders"- succumb to the l perceived power and ostensible computer-accuracy of the consumer credit card accounts and debt collectors, and these improperly named litigant-defendants pay and/or permit judgments to be achieved against them. Otherwise, these wronged consumers are forced to seek counsel at a financial cost and burden.

30. These acts by defendants have violated and continue to violate both federal and state law, adversely affecting interstate commerce, and Plaintiff on behalf of herself have suffered damages as a result, by way of wrongful judgment and wage execution procedures.

## V. CLASS ACTION ALLEGATIONS

31. This case is properly maintainable as a nationwide Class action pursuant to and in accordance with Federal Rule of Civil Procedure ("F.R.C.P."), Rule 23(a), and 28 U.S.C. 1332(d), *inter alia:*

(1) On belief, the Plaintiff / Class is so numerous that joinder of all members is impractical. Although the size of the Class is not specifically known, the number of Class members is substantial, believed numbering at least in the tens of thousands.

*(2)* There are substantial questions of law and fact common to the complaint filed by Defendant Pressler and Pressler, LLP. and Defendants, Barclays Bank Delaware (RCI Elite Rewards) and Midland Funding, LLC under ***Docket Number:*** L – **002827-16**. on August 29, 2016.

(3) The claims of the representative Plaintiff are typical of the claims of the members before him.

(4) The representative Plaintiff will fairly and adequately protect the interests of this Civil action under the criteria set forth in F.R.C.P. 23.

(5) A civil action under the circumstances discussed herein provides the most fair and efficient method for adjudication of the controversy under the criteria set forth in F.R.C.P. 23.

32. This case is properly maintainable as a civil action pursuant to and in accordance with F.R.C.P. 23(b)(3).

a. The issues of fact are common to the Plaintiff, as required by Local Rule of Civil Procedure ("Local Rule") far the Eastern District of New Jersey 23.1(b)(2)(D).

b. The questions of law are common to the members of a civil action lawsuit or the Plaintiff, Richard Carter, a required by Local Rule 23.1(b)(2)D).

c. The questions of law and the questions of fact predominate for the Plaintiff, Richard Carter, over any questions of law and/or fact affecting only individual, the Plaintiff Richard Carter.

d. A Civil action is superior to any other action for the fair and efficient adjudication of the controversy as the commonality of factual and legal questions for the Plaintiff Richard Carter, are overwhelmingly predominant.

e. As the questions of law and of fact are common to the Plaintiff and considering the prospective individual damages at issue, the interests of the Plaintiff, Richard Carter, will best be controlled and served by this action.

f. There is no reason why the litigation should not proceed in this particular forum.

g. There are no unusual difficulties foreseen to be encountered in the management of this Civil action.

h. Plaintiff is aware of similar actions involving similar issues involving Midland Funding, LLC, Barclays Bank Delaware (RCI Elite Rewards), and other defendants, having been filed in the United States District Court for the Eastern District of New Jersey

**See Footnote 1, below:**

1. The claim by Plaintiff, himself, of the Civil Action is justified as a Civil / Class Action for the reason that, although the size of the Class/ other Plaintiff's is not specifically known, the number of Class members/ Plaintiff's is substantial, believed numbering at least in the tens of thousands on a nationwide basis.

33. A Civil/ Class action is superior to any other action for the fair and efficient adjudication of the controversy as the commonality of factual and legal questions for the Plaintiff/ Class is overwhelmingly predominant.

34. As the questions of law and of fact are common to the members of the Class/ other Plaintiff's and considering the prospective individual damages at issue, the interests of the members of the Class/ other Plaintiff's will best be controlled and served by this action.

35. The claims by Plaintiff, for himself and for and on behalf of the members of the Class/ other Plaintiff's, are justified as a Civil/ Class action for the reason that the causes of action for the Plaintiff is the same cause of action for all Civil / Class Action that derived from the following issues:

a. Whether Defendants, in initiating and perpetuating collection law suits, have wrongfully and/or knowingly done so regardless of the knowing lack corroborating documents or evidence available to substantiate the claims asserted;

b. Whether Defendants, in initiating and perpetuating collection law suits, have wrongfully, intentionally and/or knowingly attached clearly inapplicable and false exhibits and evidence, falsely representing that they are the applicable contracts, charged-off accounts referred to another third-party for collections and consumer credit card agreements/ accounts;

c. Whether Defendants have a uniform policy of attaching and misrepresenting the purported contracts to the complaints as the applicable and governing contract between the parties, which agreements bear no relationship to the respective members of the Class or to the Plaintiff in question;

d. Whether Defendants have a uniform policy of presenting and misrepresenting the purported contracts as evidence as the applicable and governing contract between the parties, which agreements bear no relationship to the respective members of Class or to the Plaintiff's;

e. Whether defendants conspire one with the other to proffer the misrepresentations to the members of

the Class or to the Plaintiff's;

f. Whether these acts and actions are violation of the FDCPA;

g. Whether these acts and actions are violation of New Jersey's Consumer Protection laws;

h. Whether these acts and actions described above are violation of the consumer protection statutes of the Commonwealth of New Jersey;

i. Whether the acts of intentionally proffering inapplicable to charged-off consumer credit card debt in false support of litigation claims constitutes an attempt to collect debts not authorized by contract or law;

j. Whether Plaintiff, Richard Carter incurred damages as a result of these violations and are Defendants liable therefor;

k. Whether Plaintiff are entitled to in junctive relief, restitution, interest thereon, attorney's fees, punitive damages, statutory damages and other damages as a result of the improper attempts to collect consumer credit card debt from non-liable person or party?

## VI. THE CIVIL ACTION ALLEGATIONS

36. The above-named Plaintiff brings this action on behalf of himself and:

All persons who have been the subject of collection law suits brought by Defendants for which the Defendants have not attached any corroborative exhibits as evidence of a customer credit card agreement or a printed credit card billing statements, thus this actions misrepresented by defendants as the applicable governing on consumer credit card agreement, and misrepresented as the alleged written basis for the liability asserted by Midland Funding, LLC or Barclays Bank Delaware (RCI Elite Rewards), which attached documents are for credit card acceptance, by the Plaintiff, Richard Carter of the subject debt owe done by the defendant, Barclays Bank Delaware (RCI Elite Rewards) and, as such, cannot represent the applicable operative contract/ consumer credit card agreement.

## VII. PLAINTIFFS' FACTUAL STATEMENT

37. In the case of the individual Plaintiffs attorney, Pressler and Pressler, LLP, Daryl J. Kipnis (" Kipnis"or "Plaintiff") attorney Pressler and Pressler, LLP, for and on behalf of defendant, Midland Funding, LLC and Barclays Bank Delaware (RCI Elite Rewards) filed a Complaint against Plaintiff seeking collection of an alleged defaulted credit card consumer debt.

This complaint was filed in the Court of Union Superior Courts County, New Jersey docketed as Midland Funding, LLC, current **assignee** and **successor in interest to** Barclays Bank Delaware (RCI Elite Rewards) vs. Richard Carter, Docket Number L – 002827-16

See a true and correct copy of the Complaint, with exhibits, attached hereto and marked **Exhibit "A".**

38. Rather than remove the complaint marked as Exhibit "A", Plaintiff, Midland Funding,

LLC, current **assignee** and **successor in interest to** Barclays Bank Delaware (RCI Elite Rewards) and Plaintiffs attorney, Pressler and Pressler, LLP, has chosen to defend that Complaint and file this original complaint. In significant form, Exhibit "A" hereto follows as a false Complaint, filed by the Defendants to justify that they had every legal right to collect upon this official debt, without proper documentation.

39. The Complaint in the captioned underlying action references "Contract/Credit Card utilization provided", directly or indirectly, as follows:

a. On the initial court complaint states: "Filed on August 29, 2016, Defendant Richard Carter entered into a credit card consent agreement with Plaintiff, Barclays Bank Delaware (RCI Elite Rewards)for credit card services rendered. Their are no attached billing statements, nor is their a physical customer contract agreement signed, by the Plaintiff, Richard Carter himself presented with the initial court complaint is attached hereto as Exhibit "A" and incorporated into evidence." See the Exhibit "A" attached hereto.

b. On the initial court complaint states: "Pursuant to the terms Plaintiff, Midland Funding, LLC, current **assignee** and **successor in interest to** Barclays Bank Delaware (RCI Elite Rewards) for credit card account and services provided on the account(s) attached which is now in default the sum of $ 15,960.42, plus cost" "The Defendants also allocates that the Plaintiff, Richard Carter, having the last three digits of SSN: 897 physically owes this debt.

c. Paragraph 1 states: "Plaintiff avers that Midland Funding, LLC, current **assignee and successor in interest to** Barclays Bank Delaware (RCI Elite Rewards). The last four number of the account were 4391.

d. Paragraph 2 states: " The last three digits of the social security number of the person who incurred the debt are 897.

e. Paragraph 3 states:  The debt was assigned from the original creditor Barclays Bank Delaware (RCI Elite Rewards) to Midland Funding, LLC, the present **assignee**, Plaintiff on January 29, 2016

f. Paragraph 4 states: Plaintiff, MIDLAND FUNDING LLC, alleges that the Defendant, Richard Carter A/K/A Richard O Carter, is the person who incurred the debt by using the account having the last four number 4391, and has a  social security number with the last three digits 897.

e. Paragraph 5 states: Plaintiff is seeking from the Defendant, Richard Carter A/K/A Richard O Carter on the debt, the sum of  $ 15,960. 42.

40. Their is no Billing Statements nor is their a Consumer Contract Agreement regarding this credit card account with the Plaintiff, Richard Carter, attached to the Complaint hereto as Plaintiffs' **Exhibit "A "**. Their is also no attached *"Power Of Attorney"* from Barclays Bank Delaware (RCI Elite Rewards) to Midland Funding, LLC, that clearly justify(s) the *"Chain Of Title"* being transferred to Midland Funding, LLC or Pressler and Pressler, LLP right to legal actions or legal representation, regarding this account, that they have claimed has come due.

41. The first, and introductory, part of the Court Complaint Paragraph 1 states: "Plaintiff avers that Midland Funding, LLC, current **assignee** and **successor in interest to** Barclays Bank Delaware

(RCI Elite Rewards). The last four number of the account were 4391.

42. The last page of the Court Complaint Paragraph 4 states: Plaintiff, MIDLAND FUNDING LLC, alleges that the Defendant, Richard Carter A/K/A Richard O Carter, is the person who incurred the debt by using the account having the last four number 4391, and has a social security number with the last three digits 897 and Paragraph 5 states: Plaintiff is seeking from the Defendant, Richard Carter A/K/A Richard O Carter on the debt, the sum of $ 15,960. 42.

43. The language of the generic, form, the Complaint - clearly, a template indicates unequivocally that stating a credit card account belongs to someone is justification to collect upon a default, charged-off debt by another party and is NOT a modification or amendment to a previously issue of missing a signed Credit Card Agreement from Richard Carter.

44. The Court Complaint filed by Pressler and Pressler, LLP., itself, indicates unequivocally that it is NOT a modification or amendment to a previously issued signed Credit Card Agreement or any other verifiable documentation.

45. The basis of the captioned matter, and the basis of several other similar cases (1), all filed with this Court, is the fact that, and its attorneys on a national basis purposely, intentionally, conspiratorially, and, most importantly, systemically and

　　a. There is NO credit card agreement, presented by any of the Defendant(s) with the signature by plaintiff, Richard Carter, attached.

　　b. These is NO **"affidavit"** attached to show that Midland Funding, LLC, current **assignee to original creditor** Barclays Bank Delaware (RCI Elite Rewards) has the right to bring legal actions or file a court claim on Barclays Bank Delaware (RCI Elite Rewards) behalf, due to possible injury(s) to original creditor, Barclays Bank Delaware (RCI Elite Rewards) only.

　　c. These is NO **"power of attorney"** attached to show that Midland Funding, LLC, current **assignee to original creditor** Barclays Bank Delaware (RCI Elite Rewards) has the right to bring legal actions or file a court claim on Barclays Bank Delaware (RCI Elite Rewards) behalf, due to possible injury(s) to original creditor, Barclays Bank Delaware (RCI Elite Rewards) only.

　　d. These is NO **"chain of title"** attached to show that Midland Funding, LLC, current **assignee to original creditor** Barclays Bank Delaware (RCI Elite Rewards) has the right to bring legal actions or file a court claim on Barclays Bank Delaware (RCI Elite Rewards) behalf, due to possible injury(s) to original creditor, Barclays Bank Delaware (RCI Elite Rewards) only.

　　di. These is NO **"chain of assignment"** attached to show that Midland Funding, LLC, current **assignee to original creditor** Barclays Bank Delaware (RCI Elite Rewards) has the right to bring legal actions or file a court claim on Barclays Bank Delaware (RCI Elite Rewards) behalf, due to possible injury(s) to original creditor, Barclays Bank Delaware (RCI Elite Rewards) only.

　　e. These is NO **"power of attorney"** attached to show that Pressler and Pressler, LLP has the right to bring legal actions or file a court claim on Barclays Bank Delaware (RCI Elite Rewards) or Midland Funding, LLC, current **assignee to original creditor** Barclays Bank Delaware (RCI Elite Rewards)

behalf, due to possible injury(s) to original creditor, Barclays Bank Delaware (RCI Elite Rewards) only.

**f.** These is NO **"chain of title"** attached to show that Pressler and Pressler, LLP has the right to bring legal actions or file a court claim on Barclays Bank Delaware (RCI Elite Rewards) or Midland Funding, LLC, current **assignee to original creditor** Barclays Bank Delaware (RCI Elite Rewards) behalf, due to possible injury(s) to original creditor, Barclays Bank Delaware (RCI Elite Rewards) only.

**fi.** These is NO **"chain of assignment"** attached to show that Pressler and Pressler, LLP has the right to bring legal actions or file a court claim on Barclays Bank Delaware (RCI Elite Rewards) or Midland Funding, LLC, current **assignee to original creditor** Barclays Bank Delaware (RCI Elite Rewards) behalf, due to possible injury(s) to original creditor, Barclays Bank Delaware (RCI Elite Rewards) only.

**g.** These is NO **"affidavit"** attached to show that Pressler and Pressler, LLP has the right to bring legal actions or file a court claim on Barclays Bank Delaware (RCI Elite Rewards) or Midland Funding, LLC, current **assignee to original creditor** Barclays Bank Delaware (RCI Elite Rewards) behalf, due to possible injury(s) to original creditor, Barclays Bank Delaware (RCI Elite Rewards) only.

46. In any event, the proffered debt due to original creditor, Barclays Bank Delaware (RCI Elite Rewards) was physically charged off on or about July 2014 and the Defendants Pressler and Pressler. LLP and Midland Funding, LLC, current **assignee to original creditor** Barclays Bank Delaware (RCI Elite Rewards)waited until August 29th , 2016 (2) years and (1) month after this account was charged off by Barclays Bank Delaware (RCI Elite Rewards) back in July of 2014.

47. Clearly, as stated, by the Plaintiff, Midland Funding, LLC,current **assignee to original creditor** Barclays Bank Delaware (RCI Elite Rewards) in a court complaint, paragraph 4 states:

" **Plaintiff, MIDLAND FUNDING LLC, alleges that the Defendant, Richard Carter A/K/A Richard O Carter, is the person who incurred the debt by using the account having the last four number 4391, and has a social security number with the last three digits 897." This statement is a false accusation and does not justify any legally obligation to Midland Funding, LLC or Barclays Bank Delaware (RCI Elite Rewards), nor is it applicable to the account of plaintiff, Richard Carter."**

48. The initial complaint statements is NOT a modification or amendment, or the like.

49. The cover letter accompanying the false exhibit states, in Pressler and Pressler, LLP letters dated: May 26, 2017, July 20, 2017, July 21, 2017 and July 31, 2017.....**"See Exhibits "B through E "**, a true and correct copy of the letters cover sheet, sent to the Plaintiff, Richard Carter. By the Defendant, Pressler and Pressler, LLP stating the current verbiage, as stated below in their letters, they have legally violated the rights of the Plaintiff, Richard Carter under the FDCPA and reinstated the Plaintiff's right to file a valid claim/ complaint against them.

" **THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTANED WILL BE USED FOR THAT PURPOSE."**

50. These wrongful collection activities are intended by the Defendants to secure collection from those whom the United States Congress has defined as the "least sophisticated consumer".

51. These wrongful collection activities include, but are not limited to:

a. Using Court Complaints documentation knowingly not pertinent or relevant, constituting misrepresentation; and

b. Proffering as evidence documentation knowingly not pertinent or relevant, constituting misrepresentation.

## VIII. COMMON CLASS ELEMENTS

52. Plaintiff and each member of the Class has been the subject of collection efforts to collect debts for which there is no corroborative evidence in the form of a valid Consumer Credit Card Agreement, and possibly other relevant documentation.

53. The lawsuits against Plaintiff and the members of the Class with their knowingly wrong attachments and the knowing lack of corroborative evidence constitute violations of the FDCPA.

54. All of these similar law suits are and have been in violation of various state consumer protection statutes.

56 As to the individual Plaintiff, the attempts to collect and/or the collection of these unsubstantiated contractual charges and use of false documentation or court of law, to obtain judgment are in violation of the provisions of 73 P.S. S 2270.4(b) including, but not limited to sub-section (6) thereof:

"A creditor may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this paragraph: (i) The collection of any amount, including interest, fee, charge or expense incidental to the principal obligation, unless such amount is expressly authorized by the agreement creating the debt

or permitted by law." (Emphasis Supplied.)

Please refer to **Exhibit "A through E"**

57. These issues of fact, therefore, for all members of the Class and the Plaintiff, Richard Carter are the same as set forth above, with minor, not substantial, variation.

58. The questions of law governing the rights of each member of the respective Class are the same as they relate to Plaintiff, Richard Carter and involve the all-pervasive issue as to the legality in law of an attempt to collect credit card debt utilizing wrong documentation and the court(s) therefor.

59. Defendants engage in a uniform scheme and course of conduct to inflate their respective profits by routinely attempting to collect and collecting credit card debt by filing law suits utilizing and misrepresenting wrong documentation as exhibits and evidence.

IX. CAUSES OF ACTION

X. COUNTI- VIOLATION OF 15 U.S.C. S. 1692a, CLASS ACTION

PLAINTIFF, PRESSLER AND PRESSLER, LLP LAW FIRM

60. The averments of paragraphs one through and including fifty-nine above are incorporated herein by reference.

61. Law Firm is a "debt collector" as that term is defined by 15 U.S.C. S 1692a(6).

62. Plaintiffs are consumers as that term is defined by 15 U.S.C. S 1692a(3).

63. 15 U.S.C. S 1692e provides: "A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt." In fact, Law Firm, utilizing the false Court Complaints has violated:

a. 15 U.S.C. s 1692e(2)(A): The character, amount and legal status of the debt for which the attached agreement is a false representation of the basis for the debt;

b. 15 U.S.C. S 1692e(2)(B): The false representation that the initial court complaint filed under Docket No.: **L – 002827-16** representing the basis for the amounts claimed to be due and which may be lawfully received is a violation of the FDCPA. There are false representations as Defendants knowingly have no such right contractual rights against Plaintiffs pursuant to the false statements in the initial court complaint filed under Docket No.: **L – 002827-16**;

c. 15 U.S.C.S 1692e(10): False and deceptive means to collect or to attempt to collect these debts to the extent that the cited basis for the debt is false.

64. 15 U.S.C. S 1692f, provides: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." The following conduct by Defendant evidence the violation by them of the FDCPA:

a. Defendant used and continues to use unfair and unconscionable means to collect or attempt to collect debts based on law suits with false documentation attached and which is being utilized to fool the consumers into believing that the false attachments are sound bases for the lawsuits.

b. 15 U.S.C. S 1692f(1): The collection of any amount ... unless such amount is expressly authorized by the customer credit card agreement creating the debt or permitted by law". The debts attempted to be collected and/or have been collected are not authorized or permitted by the attached false court complaints not accompanied by any affidavits or an signed documentation signed be the Plaintiff, Richard Carter, to justify there rights to collection or judgment.

65. 15 U.S.C. S 1692k specifically authorizes a private action to recover damages sustained because of these violations.

66., 15 U.S.C. S 1692k permits class actions and civil actions.

67. The acts and actions that are in violation of the FDCPA occurred within one year of the filing of this Complaint.

68. The acts and actions by the "Debt Collector", LAW FIRM, were clearly knowing and intentional.

69. The specific acts and action by Defendants constituting the bases for this Complaint are set forth above, and are incorporated herein by reference, correlated with the attached exhibits, for the detail of these acts and actions, including, the time, date, place author and the specificity of the false

communications, misrepresentations and violations of the FDCPA of which Plaintiff complains.

70. It is believed and therefore averred that the Defendants facilitated these wrongful actions for the purpose of enhancing their collections, regardless of the falsity of the initial Court Complaint filed under Docket No.: **L - 002827-16**

71. A simple reasonable review of the basic documentation as to each account which is the subject of such lawsuits would have divulged to Defendants that the initial Court Complaint filed under Docket No.: **L – 002827-16** and other filed documentaries was not applicable.

72. A reasonable investigation would have revealed to Law Firm that the initial Court Complaint filed under Docket No.: **L - 002827-16** was a false representation that did not cover or concern themselves with the Plaintiff nor his alleged debt.

73. Plaintiff suffered damages in the form of awarded judgment due to illegal representation regarding the initial complaint filed by the Defendants on August 29, 2016.

74. It is believed and therefore averred that Plaintiff are entitled to recover damages as a result of the violations of the FDCPA by defendants in the form of compensatory damages, including, but not limited to, restitution to the Plaintiff/ other parties, who paid Defendant, statutory damages, attorney's fees and costs and interest.

75. It is believed and therefore averred that the filling of these fake court complaint and use as evidence were knowing and intentional, therefor.

76. As such, plaintiff and the members of the Class are entitled to treble damage and/or punitive damages as permitted by statute.

WHEREFORE, Plaintiff prays this Honorable Court grant appropriate damages, including, but not limited to

A. Certifying the Class described, and appointing Plaintiff as representative of the Class, and the undersigned as Class counsel if counsel is presently retained;

B. Requiring that the "Debt Collectors' Defendants pay compensatory damages, restitution, statutory damages, attorney's fees and experts' fees, and punitive damages as appropriate, and

C. Enjoining the Defendants from conducting such violation activity in the future, and

D. Granting such other relief as the Court may deem appropriate,

### COUNT I - UNFAIR AND DECEPTIVE TRADE PRACTICES PLANTIFF V. DEFENDANTS

77. The averments of paragraphs one through and including seventy-six, above are incorporated herein by reference as if set forth herein at length.

76. Defendants have advertised, offered for sale or distribution its respective products and services.

77. Defendants have engaged in unfair and/or deceptive acts and trade practices, unfair methods of competition, and have practiced other unfair or deceptive acts or practices directly or indirectly adversely affecting the members of the Civil action, as described above.

78. The acts and practices include, but are not limited to:

a. Knowingly making false and misleading representations of fact, in writing;

b. Knowingly misrepresenting that by filling a court complaint will govern the basis of the law suits and the legal relationship between the parties;

c. Utilizing false and misleading characterizations for the amount claims to be due, intending to is lead the consumer;

d. Taking any action that cannot legally be taken or justified;

e. Otherwise engaging in other fraudulent conduct "which creates a likelihood of confusion or of misunderstanding';

f. Engaging in any other conduct deemed to constitute unfair trade practices, unfair methods of competition, or other unfair or deceptive acts or practices.

79. The facts constituting the basis for these unfair trade practices are as set forth above, and specifically in paragraphs 31 through and including 51, and the attached exhibits. Defendants have engaged in other activity further exacerbating its participation in unfair trade practices.

80. These unfair trade practices in which Defendants have participated are all intertwined with the factors constituting misrepresentation:

a. By acts, Defendants have made representations of a material nature that Defendants knew (or should have known) were misrepresentations. These misrepresentations were made to Plaintiff and the members of the Class action.

b. These misrepresentations were made with the intent to cause Plaintiff, et al., to reasonably rely to their detriment, which occurred, causing Plaintiff to suffer damage, including, but not limited to, wrong full judgment, and paying sums of money to a charged-off account for the Defendants claim Plaintiff owes misrepresenting the legal basis therefor;

c. Filing law suits with the knowledge that corroborative court complaint was false filed without the true Plaintiff in interest.

d. These misrepresentations were made with the intent to cause Plaintiff, et al., to reasonably rely to their detriment, which occurred, causing Plaintiff to suffer damage, including, but not limited to, attorney fees to contest the complaints., Because of Defendants' misrepresentations and Plaintiff's reasonable reliance thereon, Plaintiff suffered damages, including the unnecessary cost to prove the above stated action by the Defendants were in fact done as an injustice.

f. The representations made by Defendants were false, constituting misrepresentations.

3.These misrepresentations were manifested by mischaracterizations in writings.

h. Plaintiff reasonably relied upon these misrepresentations to their detriment,

i. As a result of this reliance, Plaintiff has suffered additional damage, including the payment of attorney's fees plus court cost.

81. It is believed and therefore averred that the misrepresentations were intentional, or at least so recklessly made as to constitute intentional fraudulent statements in their court complaint filed under

Docket No.: L – 002827-16.

82. Defendants have, therefore, engaged in unfair trade practices to consumers. As such, Defendants are in violation of or has violated Pennsylvania Statutes 73 P.S.S 201 1, et seq., and 73 P.S. S. 2270.4(b)(5) (and 73 P.S. S 2270.5, and the consumer statutes of other states.

83. Defendants have, therefore, engaged in misrepresentation and fraudulent misrepresentation, causing Plaintiff to suffer damages as provided by statute.

WHEREFORE, Plaintiff prays this Honorable Court grant appropriate damages, including, but not limited to compensatory damages, statutory damages, treble damages, punitive damages, attorney's fees and costs, interest and such other relief as the court may see fit.

**Respectfully submitted,**

**Richard Carter, Pro se**

Date: 8-30-2017    BY: _____

**Richard Carter, Pro se**

On this 30 day of August 2017, before me the Notary below appeared before me Richard Carter; to me known to be the **living man** described in and who executed the foregoing instrument and acknowledged before me that he executed the same as his **freewill act and deed.**

Subscribed and affirmed before me, Valtair Souza, Notary on the 30 Day of August 2017

NOTARY PRINT NAME: Valtair Souza    Date: 8/30/2017

NOTARY SIGNATURE: _____    Date: 8/30/17    NOTARY SEAL: _____

Commission Expires: _____

VALTAIR SOUZA
ID # 2399300
NOTARY PUBLIC
STATE OF NEW JERSEY
My Commission Expires Aug. 11, 2020